**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ZIILABS INC., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>MEDIATEK, INC. AND MEDIATEK USA INC.,<br><br>Defendants. | Civil Action No. 2:16-cv-1421<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ZiiLabs Inc., Ltd. ("ZiiLabs" or "Plaintiff"), by and through its counsel, Pepper Hamilton LLP, hereby submits its Complaint for Patent Infringement against defendants MediaTek, Inc. and MediaTek USA Inc. ("MediaTek" or "Defendant"), and alleges as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendant's unauthorized and ongoing actions, in the state of Texas and elsewhere, of making, having made, using, selling, having sold, offering to sell, and/or importing or having imported into the United States, systems on a chip ("SoCs") that infringe one or more claims of ZiiLabs' United States Patent No. 6,677,952 (the "'952 Patent"), United States Patent No. 6,950,350 (the "'350 Patent"), United States Patent No. 7,518,616 (the "'616 Patent"), and United States Patent No. 8,643,659 (the "'659 Patent") (collectively, the "Asserted Patents").

2. This is an action for direct infringement. Upon information and belief, Defendant makes, has made, uses, sells, offers to sell, imports, and/or has imported into the United States

certain SoCs that infringe one or more of the Asserted Patents, either literally or under the doctrine of equivalents (collectively, the "Accused Products").

3. In addition, this is an action for indirect infringement. Upon information and belief, Defendant contributes to or induces the direct infringement, either literally or under the doctrine of equivalents, of one or more claims in the Asserted Patents.

4. ZiiLabs asserts that Defendant infringes the following claims:

| Asserted Patent | Asserted Claims |
|---|---|
| '952 | 1-8 |
| '350 | 1-16 |
| '616 | 1-8 |
| '659 | 1-20 |

## THE PARTIES

**A. Plaintiff ZiiLabs**

5. Plaintiff ZiiLabs is a Bermuda corporation with its registered office at Clarendon House, 2 Church Street, Hamilton, HM11 Bermuda.

6. ZiiLabs is a wholly-owned subsidiary of Creative Technology Asia Limited ("CTA"), a Hong Kong company. CTA is a wholly-owned subsidiary of Creative Technology Ltd. ("Creative"), a publicly traded Singapore company.

7. ZiiLabs currently operates as a subsidiary of Creative and is the assignee and owner of the Asserted Patents.

**B. Defendant MediaTek, Inc.**

8. Upon information and belief, Defendant MediaTek, Inc. is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at No. 1, Dusing Rd. 1, Hsinchu Science Park, Hsinchu City 30078, Taiwan.

**C. Defendant MediaTek USA Inc.**

9. Upon information and belief, Defendant MediaTek USA Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 2860 Junction Ave., San Jose, CA 95134. Defendant MediaTek USA Inc. may be served through its registered agent for service of process – The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

11. Upon information and belief, Defendant is subject to personal jurisdiction in the Eastern District of Texas because it regularly transacts business in this judicial district and engages in continuous and systematic contact with Texas. Defendant offers products to customers, business affiliates, and/or partners located in this judicial district. In addition, Defendant has committed acts of infringement of one or more claims of each of the Asserted Patents in this judicial district. Infringing products made and sold by Defendant including, but not limited to, SoCs, are widely advertised in Texas and are readily available at numerous retail locations throughout the state, including within the Eastern District of Texas. Upon information and belief, Defendant makes ongoing and continuous shipments of infringing products into the Eastern District of Texas and maintains an established sales and distribution network that encompasses Texas. Infringing products are manufactured by Defendant, or at its direction, and are used or consumed within this State in the ordinary course of trade.

12. For example, Defendant maintains a website advertising infringing products into this judicial district. (http://www.mediatek.com/.) Once on that website, a user who clicks

"Products" can select "MediaTek Helio," "Mobile Communications," "Internet of Things," or "Home Entertainment," and then select further products and product types within these categories, and in each of these cases, will be taken to other webpages where the user can read advertisements for and learn about the specifications of the Accused Products.

13. Additionally, Defendant maintains a business office in Austin, Texas. (*See* http://www.mediatek.com/about/office-locations, click "United States.")

14. Further, Defendant MediaTek USA Inc. is registered with the Texas Secretary of State to do business in Texas and maintains a registered agent in Texas – CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

15. Finally, Defendant has previously brought and actively participated in suit in this jurisdiction, submitting to personal jurisdiction in this court on multiple occasions. *See MediaTek, Inc. v. Matsushita Electric Industrial Co., Ltd., et al.*, Case No. 2:05-cv-00484 (2005); *MediaTek, Inc. v. Sanyo Electric Co. Ltd., et al.*, Case No. 6:05-cv-00323 (2005).

16. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b) and (c) as well as 28 U.S.C. § 1400(b) because Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

**COUNT I**

**(Infringement of the '952 Patent)**

17. Paragraphs 1 through 16 are incorporated by reference as if fully restated herein.

18. On January 13, 2004, United States Patent No. 6,677,952 (the "'952 Patent") was duly and legally issued for "Texture Download DMA Controller Synching Multiple Independently Running Rasterizers." The '952 Patent is in full force and effect. A true and correct copy of the '952 Patent is attached hereto as Exhibit 1 and made part hereof.

19. ZiiLabs is the assignee and owner of the ’952 Patent with the exclusive right to enforce the ’952 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

20. Upon information and belief, Defendant – without authority, consent, right, or license – manufactures, makes, has made, uses, sells, offers for sale, and/or imports into the United States the Accused Products, which directly infringe, either literally and/or under the doctrine of equivalents, or enable the practice of, at least one claim of the ’952 Patent.

21. For example, Exhibit 2 includes a chart comparing the asserted independent claims of the ’952 Patent to a product containing Defendant’s MT6755 (Helio 10) product. Exhibit 2 shows that the Accused Products and their use are covered by at least the asserted independent claims of the ’952 Patent.

22. Further, upon information and belief, Defendant has indirectly infringed at least one claim of the ’952 Patent by inducing infringement.

23. Defendant has been aware of the ’952 Patent and of ZiiLabs’ allegations of infringement since at least August 18, 2016, when ZiiLabs sent Defendant notice letters.

24. Despite Defendant’s awareness of the ’952 Patent and ZiiLabs’ allegations, Defendant has knowingly and actively induced others to infringe the ’952 Patent by selling Accused Products which induce the direct infringement of at least one of the claims of the ’952 Patent by end-users – for example, customers. These Accused Products are pre-programmed to function in the manner claimed in the ’952 Patent. Upon information and belief, at least one customer has directly infringed one or more claims of ZiiLabs’ ’952 Patent.

25. Defendant has provided and continues to provide products that cannot and do not operate except in a manner that infringes the ’952 Patent. As shown for the representative

product containing an Accused Product (Exhibit 2), Defendant's Accused Products function in a manner that infringes the claims of the '952 Patent. At least by providing users with products that necessarily infringe the '952 Patent, Defendant has induced and is actively inducing infringement of at least one claim of ZiiLabs' '952 Patent.

26. Further, upon information and belief, Defendant has also indirectly infringed at least one of the claims of the '952 Patent by contributing to infringement.

27. The Accused Products are made solely for the purpose of operating in a manner that infringes at least one claim of the '952 Patent. Further, these Accused Products are especially made and/or especially adapted for use in the infringement of ZiiLabs' '952 Patent, are not staple commodities of commerce, and are not suitable for substantial non-infringing use. By providing these Accused Products, Defendant has contributed to the infringement of the '952 Patent by end-users – for example, customers – who use said Accused Products.

28. As a result of Defendant's infringing conduct, ZiiLabs has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

**COUNT II**

**(Infringement of the '350 Patent)**

29. Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30. On September 27, 2005, United States Patent No. 6,950,350 (the "'350 Patent") was duly and legally issued for "Configurable Pipe Delay with Window Overlap for DDR Receive Data." The '350 Patent is in full force and effect. A true and correct copy of the '350 Patent is attached hereto as Exhibit 3 and made part hereof.

31. ZiiLabs is the assignee and owner of the ’350 Patent with the exclusive right to enforce the ’350 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

32. Upon information and belief, Defendant – without authority, consent, right, or license – manufactures, makes, has made, uses, sells, offers for sale, and/or imports into the United States the Accused Products, which directly infringe, either literally and/or under the doctrine of equivalents, or enable the practice of, at least one claim of the ’350 Patent.

33. For example, Exhibit 4 includes a chart comparing the asserted independent claims of the ’350 Patent to a product containing Defendant’s MT6755 (Helio 10) product. Exhibit 4 shows that the Accused Products and their use are covered by at least the asserted independent claims of the ’350 Patent.

34. Further, upon information and belief, Defendant has indirectly infringed at least one claim of the ’350 Patent by inducing infringement.

35. Defendant has been aware of the ’350 Patent and of ZiiLabs’ allegations of infringement since at least August 18, 2016, when ZiiLabs sent Defendant notice letters.

36. Despite Defendant’s awareness of the ’350 Patent and ZiiLabs’ allegations, Defendant has knowingly and actively induced others to infringe the ’350 Patent by selling Accused Products which induce the direct infringement of at least one of the claims of the ’350 Patent by end-users – for example, customers. These Accused Products are pre-programmed to function in the manner claimed in the ’350 Patent. Upon information and belief, at least one customer has directly infringed one or more claims of ZiiLabs’ ’350 Patent.

37. Defendant has provided and continues to provide products that cannot and do not operate except in a manner that infringes the ’350 Patent. As shown for the representative

product containing an Accused Product (Exhibit 4), Defendant's Accused Products function in a manner that infringes the claims of the '350 Patent. At least by providing users with products that necessarily infringe the '350 Patent, Defendant has induced and is actively inducing infringement of at least one claim of ZiiLabs' '350 Patent.

38. Further, upon information and belief, Defendant has also indirectly infringed at least one of the claims of the '350 Patent by contributing to infringement.

39. The Accused Products are made solely for the purpose of operating in a manner that infringes at least one claim of the '350 Patent. Further, these Accused Products are especially made and/or especially adapted for use in the infringement of ZiiLabs' '350 Patent, are not staple commodities of commerce, and are not suitable for substantial non-infringing use. By providing these Accused Products, Defendant has contributed to the infringement of the '350 Patent by end-users – for example, customers – who use said Accused Products.

40. As a result of Defendant's infringing conduct, ZiiLabs has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

**COUNT III**

**(Infringement of the '616 Patent)**

41. Paragraphs 1 through 40 are incorporated by reference as if fully restated herein.

42. On April 14, 2009, United States Patent No. 7,518,616 (the "'616 Patent") was duly and legally issued for "Graphics Processor with Texture Memory Allocation System." The '616 Patent is in full force and effect. A true and correct copy of the '616 Patent is attached hereto as Exhibit 5 and made part hereof.

43. ZiiLabs is the assignee and owner of the ’616 Patent with the exclusive right to enforce the ’616 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

44. Upon information and belief, Defendant – without authority, consent, right, or license – manufactures, makes, has made, uses, sells, offers for sale, and/or imports into the United States the Accused Products, which directly infringe, either literally and/or under the doctrine of equivalents, or enable the practice of, at least one claim of the ’616 Patent.

45. For example, Exhibit 6 includes a chart comparing the asserted independent claims of the ’616 Patent to a product containing Defendant’s MT6755 (Helio 10) product. Exhibit 6 shows that the Accused Products and their use are covered by at least the asserted independent claims of the ’616 Patent.

46. Further, upon information and belief, Defendant has indirectly infringed at least one claim of the ’616 Patent by inducing infringement.

47. Defendant has been aware of the ’616 Patent and of ZiiLabs’ allegations of infringement since at least August 18, 2016, when ZiiLabs sent Defendant notice letters.

48. Despite Defendant’s awareness of the ’616 Patent and ZiiLabs’ allegations, Defendant has knowingly and actively induced others to infringe the ’616 Patent by selling Accused Products which induce the direct infringement of at least one of the claims of the ’616 Patent by end-users – for example, customers. These Accused Products are pre-programmed to function in the manner claimed in the ’616 Patent. Upon information and belief, at least one customer has directly infringed one or more claims of ZiiLabs’ ’616 Patent.

49. Defendant has provided and continues to provide products that cannot and do not operate except in a manner that infringes the ’616 Patent. As shown for the representative

product containing an Accused Product (Exhibit 6), Defendant's Accused Products function in a manner that infringes the claims of the '616 Patent. At least by providing users with products that necessarily infringe the '616 Patent, Defendant has induced and is actively inducing infringement of at least one claim of ZiiLabs' '616 Patent.

50. Further, upon information and belief, Defendant has also indirectly infringed at least one of the claims of the '616 Patent by contributing to infringement.

51. The Accused Products are made solely for the purpose of operating in a manner that infringes at least one claim of the '616 Patent. Further, these Accused Products are especially made and/or especially adapted for use in the infringement of ZiiLabs' '616 Patent, are not staple commodities of commerce, and are not suitable for substantial non-infringing use. By providing these Accused Products, Defendant has contributed to the infringement of the '616 Patent by end-users – for example, customers – who use said Accused Products.

52. As a result of Defendant's infringing conduct, ZiiLabs has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

**COUNT IV**

**(Infringement of the '659 Patent)**

53. Paragraphs 1 through 52 are incorporated by reference as if fully restated herein.

54. On February 4, 2014, United States Patent No. 8,643,659 (the "'659 Patent") was duly and legally issued for "Shader with Global and Instruction Caches." The '659 Patent is in full force and effect. A true and correct copy of the '659 Patent is attached hereto as Exhibit 7 and made part hereof.

55. ZiiLabs is the assignee and owner of the ’659 Patent with the exclusive right to enforce the ’659 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

56. Upon information and belief, Defendant – without authority, consent, right, or license – manufactures, makes, has made, uses, sells, offers for sale, and/or imports into the United States the Accused Products, which directly infringe, either literally and/or under the doctrine of equivalents, or enable the practice of, at least one claim of the ’659 Patent.

57. For example, Exhibit 8 includes a chart comparing the asserted independent claims of the ’659 Patent to a product containing Defendant’s MT6755 (Helio 10) product. Exhibit 8 shows that the Accused Products and their use are covered by at least the asserted independent claims of the ’659 Patent.

58. Further, upon information and belief, Defendant has indirectly infringed at least one claim of the ’659 Patent by inducing infringement.

59. Defendant has been aware of the ’659 Patent and of ZiiLabs’ allegations of infringement since at least August 18, 2016, when ZiiLabs sent Defendant notice letters.

60. Despite Defendant’s awareness of the ’659 Patent and ZiiLabs’ allegations, Defendant has knowingly and actively induced others to infringe the ’659 Patent by selling Accused Products which induce the direct infringement of at least one of the claims of the ’659 Patent by end-users – for example, customers. These Accused Products are pre-programmed to function in the manner claimed in the ’659 Patent. Upon information and belief, at least one customer has directly infringed one or more claims of ZiiLabs’ ’659 Patent.

61. Defendant has provided and continues to provide products that cannot and do not operate except in a manner that infringes the ’659 Patent. As shown for the representative

product containing an Accused Product (Exhibit 8), Defendant's Accused Products function in a manner that infringes the claims of the '659 Patent. At least by providing users with products that necessarily infringe the '659 Patent, Defendant has induced and is actively inducing infringement of at least one claim of ZiiLabs' '659 Patent.

62. Further, upon information and belief, Defendant has also indirectly infringed at least one of the claims of the '659 Patent by contributing to infringement.

63. The Accused Products are made solely for the purpose of operating in a manner that infringes at least one claim of the '659 Patent. Further, these Accused Products are especially made and/or especially adapted for use in the infringement of ZiiLabs' '659 Patent, are not staple commodities of commerce, and are not suitable for substantial non-infringing use. By providing these Accused Products, Defendant has contributed to the infringement of the '659 Patent by end-users – for example, customers – who use said Accused Products.

64. As a result of Defendant's infringing conduct, ZiiLabs has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

## COUNT V

**(Willful Infringement of the Asserted Patents)**

65. Paragraphs 1 through 64 are incorporated by reference as if fully restated herein.

66. As of the date of filing of this complaint, Defendant has been on actual notice of the Asserted Patents and ZiiLabs' infringement allegations for at least over six months. ZiiLabs sent Defendant notice letters containing these allegations on August 18, 2016, and requested that Defendant engage in licensing discussions regarding the Asserted Patents.

67. Although certain correspondence and communications were exchanged between the parties, no significant licensing discussions have been held.

68. Despite actual notice for over six months, Defendant was objectively reckless, and acted despite an objectively high likelihood that its actions constituted infringement of the valid Asserted Patents, in continuing to make, use, sell, offer for sale, and import its Accused Products.

69. The continued infringement of the Asserted Patents by Defendant is deliberate and willful, entitling ZiiLabs to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

ZiiLabs hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Wherefore, ZiiLabs requests the following relief:

a. Judgment that one or more claims of the ’952, ’350, ’616, and ’659 Patents have been directly infringed either literally and/or under the Doctrine of Equivalents by Defendant;

b. Judgment that one or more of the claims of the ’952, ’350, ’616, and ’659 Patents have been indirectly infringed either literally and/or under the Doctrine of Equivalents by Defendant;

c. Judgment that Defendant be held liable and ordered to account for and pay to ZiiLabs:

    (1) Damages adequate to compensate ZiiLabs for Defendant’s infringement of the ’952, ’350, ’616, and ’659 Patents, in an amount no less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

    (2) Trebled damages on account of Defendant’s willful infringement of the ’952, ’350, ’616, and ’659 Patents, pursuant to 35 U.S.C. § 284;

    (3) ZiiLabs’ pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. §284; and

(4) ZiiLabs' reasonable attorneys' fees under 35 U.S.C. § 285; and

d. Judgment that ZiiLabs be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 16, 2016

Respectfully Submitted,

*/s/ William D. Belanger by permission Andrea Fair*

William D. Belanger – LEAD ATTORNEY
Massachusetts Bar No. 657184
Frank D. Liu
Massachusetts Bar No. 675431
Ryan C. Deck
Massachusetts Bar No. 692160
PEPPER HAMILTON LLP
19th Floor, High Street Tower
125 High Street
Boston, MA 02110-2736
Telephone: (617) 204-5100
Facsimile: (617) 204-5150
Email: belangew@pepperlaw.com

Gregory S. Bishop
California Bar No. 184680
PEPPER HAMILTON LLP
333 Twin Dolphin Drive, Suite 400
Redwood City, CA 94065-1434
Telephone: (650) 802-3600

T. John Ward, Jr.
State Bar No. 00794818
Wesley Hill
State Bar No. 24032294
Claire Henry
State Bar No. 24053063
Andrea Fair
State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@jwfirm.com
Email: wh@wsfirm.com
Email: claire@wsfirm.com
Email: andrea@wsfirm.com

***Attorneys for ZiiLabs Inc., Ltd.***